### J. B. ALEXANDER & CO. *v.* SALLIE L. OWENS.

[Abstract Kentucky Law Reporter, Vol. 4—621.]

**Trust Will Not Fail for Want of a Trustee.**

A trust that has been created by deed under which the beneficiary has been in possession for many years can not fail for the want of a trustee.

**Trustee Necessary Party to a Suit.**

A trustee who has never renounced the trust, nor yet taken possession under it, is a necessary party to a suit seeking to subject the trust estate to the payment of claims.

**Wife's Separate Estate Not Charged With the Payment of a Debt.**

The wife's separate estate in land can not be charged with the payment of a debt created by her when the estate is conveyed to trustees for her separate use and benefit and for the benefit of her children, where under the trust created she has no power to sell the land during her children's lifetimes.

### APPEAL FROM MEADE CIRCUIT COURT.

January 20, 1883.

OPINION BY JUDGE LEWIS:

By the deed of Levi Lawrence made in 1840 the tract of land sought to be subjected in this case was conveyed to Dorsey & Donney in trust for the sole and separate use, benefit and support of appellee during her natural life, and after her death to go to her children; and a provision was made in the deed for her and her children to occupy, possess and enjoy the land as a residence, which it appears she has done from about the date of the deed to the present time.   By the terms of the deed the husband of the appellee was not to have any right, authority or control to or over said land or its proceeds whatever.   The power was given to her to dispose of the land only in case of her death without children.

It does not make any difference, even if it be true, that the trustees have never in any way taken possession of, controlled or managed the land. The trust, having been created, can not now fail for the want of a trustee. But one of the trustees is alive and, never having renounced the trust, was a necessary party to the action; and the court below would not be authorized to subject or sell the land without making him a party, even if the pleadings and proof were in every other respect sufficient to justify a sale.

We agree that, by the failure of the appellee to deny the allegations of the petition that the note was given for necessaries, it must be taken as true. But it was executed by her while a married woman and the judgment for the amount of it was rendered before her husband's death. It is not necessary to decide whether or not the judgment thus rendered is valid and enforcible now, for the reason that if it be void the note would be still a subsisting debt. But to what extent, or whether at all, under the circumstances, her separate estate in the land has been or can be charged with the payment of the debt are different questions. In our opinion it can not, nor can the amount of the produce of the land that may be necessary for her support be so subjected.

It appears that an order of attachment was issued and attempted to be levied upon several articles of personal property found upon the land, which was claimed by her son. There is nothing to show outside of the return upon the order of attachment that appellee was in possession of the property attached; nor does the return itself show it. On the other hand, it is shown that appellee did not own any of the property attached, but that it belonged to her son. The claimant of the property was not required by the court to appear and give information concerning the property, nor was he a party to the action. Considering that it was satisfactorily shown by appellee in her response to the rule to produce the attached property, and also by the evidence taken in the case, that she was not the owner of it, we are of the opinion that the court below was not authorized to direct it sold and did not err in discharging the rule and upon a final hearing dismissing the petition.

Wherefore the judgment is *affirmed.*

*H. C. Baker, T. T. Alexander, Binter & Brashear, for appellants.*
*T. B. Fairleigh, for appellee.*